UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN VICENTE,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**JOHNSON & JOHNSON,** *et al.*<br><br>　　　　Defendants. | Civ. No. 20-1584 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　On December 21, 2020, this Court granted the motion (DE 6)[1] of defendants DePuy Synthes Companies and DePuy Sales Inc. (collectively "defendants") to dismiss plaintiff Brian Vicente's Amended Complaint (DE 5) for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 11; DE 12.) The dismissal was entered without prejudice to the filing, within thirty days, of a proposed Second Amended Complaint, which was to be deemed plaintiff's motion to amend. (DE 12.) Plaintiff now moves (DE 13) to modify that order[2] to extend the time allowed to file the Second Amended Complaint.

---

[1]　Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

　　"DE" = Docket entry number in this case.

　　"1AC" = Plaintiff's First Amended Complaint and Jury Demand (DE 5)

　　"Di Stefano Cert." = Certification of Marco Di Stefano, Esq. (DE 13-1)

[2]　The underlying opinion (DE 11) and order (DE 12) dismissing the First Amended Complaint are dated December 21, 2020. The order, however, was uploaded to the electronic filing system and entered on December 22, 2020. Plaintiff refers to the order as the "December 22, 2020 Order."

I. **Summary**

The Court writes primarily for the parties and recounts only those facts pertinent to resolution of this motion.

As alleged in the First Amended Complaint, on July 17, 2015, plaintiff fractured his left femur, left metatarsal, and toes in a motorcycle accident. (1AC ¶23.) Three days later, plaintiff underwent open reduction with internal fixation procedures at University Hospital. (*Id.*) Plaintiff alleges that defendants' LC-DCP-SYSTEM screws and plates were used during those procedures. (*Id.* at ¶25.) Thereafter, plaintiff was required to undergo several more procures due to defendants' allegedly faulty surgical hardware. (*Id.* at ¶¶26-35.) During one such procedure, an orthopedic surgeon discovered that "the hardware manufactured by defendants had completely failed, resulting in broken plate and screws." (*Id.* at ¶35.) Plaintiff also suffered pain, deformity, and instability caused by "nonunion due to hardware failure." (*Id.* at 34-35.)

The First Amended Complaint asserted four claims under the New Jersey Products Liability Act ("NJPLA"):

**Count One**: Strict Liability – Design Defect

**Count Two**: Strict Liability – Manufacturing Defect

**Count Three**: Strict Liability – Inadequate Warning

**Count Four**: Breach of Express and Implied Warranty

(*Id.* at ¶¶36-60.)

Defendant moved to dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (DE 6.) Defendants submitted that plaintiff's claims were subsumed within the NJPLA, which does not recognize independent implied warranty claims. (DE 6-1 at 7.) Further, defendants submitted that the plaintiff failed to plead his claims with the requisite specificity because the First Amended Complaint failed to identify: "(1) a defect in the design of the device or in the manufacture of the device that his doctor implanted; (2) the inadequacies in the warning that accompanied the

device; and (3) the language of the warranty that purportedly accompanied the device." (*Id.*)

By Order filed on December 21, 2020, and entered the following day, I granted defendants' motion and dismissed the First Amended Complaint. (DE 11; DE 12.) I first held that plaintiff's implied warranty claims are subsumed by the NJPLA and, therefore, must be dismissed. Next, I concluded that because plaintiff did not plead a reasonable alternative design or risk utility analysis, and because the "consumer expectation" shortcut in unavailable, his design defect claim must be dismissed as well. I then dismissed plaintiff's manufacturing defect claim because the First Amended Complaint made no allegation that plaintiff's injuries were the kind that ordinarily occurs as a result of a defective product or that the incidents were not solely the result of other causes. Regarding plaintiff's failure-to-warn claim, I found the First Amended Complaint contained no allegations about the warnings associated with defendants' products or how such warnings were inadequate. Finally, I concluded that plaintiff's express breach of warranty claim must fail because the First Amended Complaint contained no allegation identifying the language or source of any alleged express warranty. For those reasons, I dismissed the First Amended Complaint without prejudice to the submission of a proposed Second Amended Complaint within thirty days of the ruling. (DE 11; DE 12.)

Plaintiff failed to submit such pleading before the 30-day deadline, which expired on January 21, 2021. On January 27, 2021, plaintiff filed his motion (DE 13) for an extension of the time to amend his First Amended Complaint. That motion is now before the Court.

## II.     Discussion

### a. Legal Standard

Plaintiff's motion to amend this Court's December 21 Order is governed by Federal Rule of Civil Procedure 60(b).[3] Plaintiff's Amended Complaint was

---

[3]     Plaintiff initially argued that his motion was governed by Rule 16(b) (modification of scheduling orders). (DE 13-2 at 7.) In his reply, plaintiff conceded that his motion is governed by Rule 60 (relief from a judgment or order). (*See generally* DE 15.)

dismissed without prejudice to the filing of a proposed Second Amended Complaint within thirty days. (DE 12.) Because plaintiff missed the deadline, the order became final. Therefore, plaintiff seeks relief from a final order, a situation in which Rule 60(b) applies. *See Cooper Hosiery Mills, Inc. v. Honeywell Int'l, Inc.*, No. 07-CV-1939, 2008 WL 1782341, at *2 (D.N.J. Apr. 17, 2008) ("[A]fter a court has disposed of an action, a plaintiff seeking to amend its complaint must first 'move to alter or amend the [court's] judgment within ten days after its entry under Rule 59(e) or, if the motion is made after that ten day period has expired, it must be made under the provisions in Rule 60(b) for relief from a judgment or order.'" (second alteration in original) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1489 (2d ed.2007)).

Federal Rule of Civil Procedure Rule 60(b) authorizes the Court to issue relief from a final judgment, order, or proceeding. The Rule provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable negligence;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

"The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (citing *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d

976, 977 (3d Cir. 1978)). The movant under Rule 60(b) "bears a heavy burden." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967), *cert. denied*, 389 U.S. 1014 (1967). Rule 60(b) relief is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.*; *see also Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

### b. Timeliness of Plaintiff's Motion

A Rule 60(b) motion "must be made within a reasonable time" and, for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Defendants submit that it would have been reasonable for plaintiff to request an extension of time prior to the January 21, 2021 deadline. (DE 14 at 3-4.) However, because that deadline passed, defendants contend, the order became final and plaintiff's motion is too late.

Plaintiff's motion was filed on January 27, 2021, six days after the deadline. Plaintiff explains that any delay is reasonable because he diligently pursued necessary information from University Hospital, which did not comply with his subpoenas until January 19, 2021. (DE 13-2 at 5; Di Stefano Cert. ¶14.) Plaintiff explains the timeline as follows:

On March 20, 2020, prior to this Court's order, plaintiff issued a subpoena to University Hospital for any and all documents regarding when defendants' LC-DCP SYSTEM was sold to plaintiff and regarding the model and serial number of the specific LC-DCP SYSTEM utilized in defendants' July 30, 2015 procedure. (Di Stefano Cert. ¶6.) On April 4, 2020, University Hospital responded that it needed HIPAA authorization "before any information can be released." (*Id.* ¶7.) On July 3, 2020, plaintiff sent the required authorization and clarified that the information being sought was "any documents related to the initial July 30, 2015 surgery, or corrective surgeries on January 1, 2016, March 1, 2017, and/or April 1, 2019 . . . that in any way indicates the specific products that were implanted." (*Id.* ¶8.)  On January 27, 2020, University Hospital responded that it was unable to verify plaintiff's services and

requested a copy of plaintiff's discharge instructions or a copy of his hospital bill. (*Id.* ¶9.) Plaintiff provided all of the hospital records in his possession on September 11, 2020. (*Id.* ¶10.)

On January 4, 2021, *i.e.,* about two weeks after this Court's December 21 Order, plaintiff "sent University Hospital one final subpoena clarifying what was needed, with an amended HIPAA authorization." (*Id.* ¶13.) University Hospital "finally" produced the requested information on January 19, 2021. (*Id.* ¶14.) Plaintiff submits that, despite his having exercised due diligence, because of University Hospital's delay in providing the requested material, "the documents necessary to amend the complaint were not received until the eve of the Court imposed deadline for filing the second amended complaint." (*Id.* ¶15.) Because he has now received the documents from University Hospital, plaintiff "has been able to obtain further investigation materials about the specific products utilized in [his] surgeries" because plaintiff now possesses the serial numbers for those products. (*Id.* ¶16.)

Defendants submit that the excuse of having to wait for medical records "is a ruse" because the "records shared in February 2020 disclosed numerous products" that were implanted during plaintiff's procedures. (DE 14 at 4.) Defendants cite to a February 26, 2020 letter from plaintiff "attach[ing] a CD enclosing medical records of all major procedures from University Hospital on plaintiff." (DE 14-1, Exhibit 1.) However, on March 26, 2020, defense counsel sent an email to plaintiff's counsel noting that the medical records did not contain the part or lot numbers for the actual products used in plaintiff's surgeries:

> Whether the device at issue is the LC-DCP or the unicortical plates, the documents do not identify the part numbers or the lot numbers of the actual devices. The combination of the incorrect device identified in the complaint, combined with the failure of the surgical records to provide lot or part numbers make it impossible for DePuy Synthes to provide any specific information on any of the devices.

(DE 14-1, Exhibit 3.)

Defendants further submit, without citing to any record evidence, that "[t]he records disclosed on January 19, 2021 did not reveal any additional product information, did not disclose device serial or lot numbers, and did not identify a defect in the device." (DE 14 at 4.) Plaintiff, however, submits that he was able to obtain that information after receiving University Hospital's records. (Di Stefano Cert. ¶16.)

I find that plaintiff moved for relief under Rule 60(b) within a reasonable time. Indeed, plaintiff's motion was filed just six days after the December 21 Order became final. The better practice would have been to file the motion within the 30-day deadline. Still, only eight days passed between the date plaintiff received all the requested information from University Hospital and the date that he filed this motion. Thus, this situation in not like those in *Kamden-Ouaffo* and *Abulkhair*, cited by defendants, where the plaintiff sought an extension of the time to file an amended complaint over a year after the deadline. *See Kamden-Ouaffo v. Plaza Square Apartments*, No. 17-1068, 2019 WL 2549575, at *2 (D.N.J. June 19, 2019), *reconsideration denied*, No. 17-1068, 2020 WL 1531372 (D.N.J. Mar. 31, 2020), and *aff'd sub nom. Kamdem-Ouaffo v. Plaza Square Apartments*, 840 F. App'x 715 (3d Cir. 2021); *Abulkhair v. Google, LLC*, No. 17-7217, 2019 WL 8273240, at *1 n.1 (D.N.J. Dec. 3, 2019), aff'd, 839 F. App'x 763 (3d Cir. 2021).

Defendants' view—that the 30 day deadline set by the Court limits what can be deemed a "reasonable" period under Rule 60(b)—is too stingy. One of the purposes of the Rule is to excuse failures to strictly comply with deadlines where justice requires, and to permit the Court to get to the merits, which is usually the preferable course. *See generally* Fed. R. Civ. P. 1.

Therefore, I find that plaintiff's motion is timely.

### c. Merits of Plaintiff's Motion

Plaintiff submits that the motion to amend this Court's December 21 Order should be granted pursuant to Rule 60(b)(1), (b)(2), and (b)(6). Because I

will grant the motion pursuant to Rule 60(b)(1), for excusable neglect, I will not discuss the other bases.

Federal Rule of Civil Procedure 60(b)(1) permits the court to "relieve a party . . . from a final judgment" for, among other reasons, "excusable neglect." The test is, at bottom, "equitable" and requires weighing the totality of the circumstances. *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019). To determine whether excusable neglect warrants setting aside a judgment, courts apply four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Adv. Fluid Sys., Inc. v. Huber*, 958 F.3d 168, 182 n.15 (3d Cir. 2020) (citation omitted).

First, I find there is no danger of prejudice to defendants in granting the motion. As stated, the motion is only six days late. Further, as plaintiff submits, the proposed Second Amended Complaint does not add any new claims; it seeks only to identify the products involved in plaintiff's surgeries and their alleged defects. (DE 15 at 16.) This case is in its infancy, and the information needed to file the Second Amended Complaint was not in the possession of the plaintiff.

No significant interest in repose arose during the six-day period of noncompliance. Indeed, if any party is acting opportunistically, it is the defendant. Defendant obtained dismissal of the prior version of the complaint because it lacked certain information, most of it not in plaintiff's control. By resisting a fairly routine motion for more time from a plaintiff who then sought to obtain that information, the defendant has created most of the delay here. The result is that the Court has been required to file a written opinion on a matter that could easily have been handled between counsel.

Second, the length of the delay is not significant. The timeline articulated above demonstrates that plaintiff filed this motion about a week after receiving the needed information from University Hospital. It is true that plaintiff also

seeks additional time to formulate and file the Second Amended Complaint. But unlike the delays in *Kamdem-Ouaffo* and *Abulkhair*, the requested continuance of the time to file a Second Amended Complaint does not approach a year. *See Kamden-Ouaffo*, 2019 WL 2549575 at *2; *Abulkhair*, 2019 WL 8273240 at *1 n.1. The delay has caused no significant impact on the proceedings, which have not progressed since this Court's December 21 Order.

Third, the delay was not caused by plaintiff. The information was not in his possession, and I accept that the responses from University Hospital were critical to his case. (*See* Di Stefano Cert. ¶¶16-17.) As plaintiff submits, those responses were necessary to draft the proposed Second Amended Complaint because they revealed the lot and model numbers for the products used in plaintiff's surgeries. (*See id.*) That information was vital because without it, plaintiff "could not search FDA data bases to find item recalls, and similar defects and failures for the same product." (DE 15 at 17.)

Finally, I find that plaintiff acted in good faith and with reasonable diligence. He sought the necessary records from University Hospital. Indeed, Plaintiff subpoenaed the hospital *before* this Court entered the December 21, 2020 Order, but did not receive all necessary information until *after* the Order, on January 19, 2021. (*See* Di Stefano Cert. ¶¶6, 14.)

In light of the foregoing, I find that plaintiff's motion (DE 13) to modify this Court's order should be granted pursuant to Rule 60(b)(1).

### III.   Conclusion

For the reasons set forth above, I will grant plaintiff's motion (DE 13) pursuant to Rule 60(b)(1). The deadline to file a proposed Second Amended Complaint is extended by sixty days from the date of this ruling.

An appropriate order follows.

Dated: June 7, 2021

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**